**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RICHARD PFEIFFER,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **SELECT STUDENT LOAN HELP, LLC,** | (Unlawful Debt Collection Practices) |
| Defendant. | |

## COMPLAINT

RICHARD PFEIFFER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SELECT STUDENT LOAN HELP, LLC ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants' conduct business in the State of New York, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Port Jervis, New York 12771.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with an office located at 4201 Wilshire Boulevard, # 623, Los Angeles, California 90010.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around early June 2015, and continuing through at least early August 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Plaintiff received on average three (3) to four (4) calls each day, and on occasion, up to ten (10) calls in a single day.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or prerecorded messages.

16. Defendant's automated messages identified the company's name and stated; "Do you know you can get a discount on your education? Please hold to speak to a representative. Press 1 to speak to a representative or press 2 to be taken off the calling list."

17. Defendant's telephone calls were not made for "emergency purposes."

18. On multiple occasions, Plaintiff pressed the number two (2), as instructed to be taken off the calling list, yet Defendant continued to place calls to his cellular telephone absent consent.

19. Furthermore, in early June 2015, when Plaintiff spoke to Defendant's representatives he instructed that he be put on the "Do Not Call" list and revoked consent, yet again, for any communication to his cellular telephone.

20. Defendant's representatives acknowledged Plaintiff's request stating; "Ok, we'll take your number off the list," however, they continued to place calls to his cellular number thereafter.

21. Defendant's calls were so persistent that Plaintiff estimates in good faith that he received nearly two hundred (200) after revoking consent in early June.

22. Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, specifically after early June 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, RICHARD PFEIFFER, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

  PLEASE TAKE NOTICE that Plaintiff, RICHARD PFEIFFER, demands a jury trial in this case.

                  Respectfully submitted,

Dated: August 20, 2015      By: /s/ Craig Thor Kimmel
                   Craig Thor Kimmel, Esquire
                   Attorney ID # 2790038
                   Attorney for Plaintiff
                   Kimmel & Silverman, P.C.
                   30 East Butler Pike
                   Ambler, PA 19002
                   Phone: (215) 540-8888
                   Facsimile: (877) 788-2864
                   Email: kimmel@creditlaw.com

- 5 -

PLAINTIFF'S COMPLAINT